(78 Misc. Rep. 252.)

S. PERCEVAL, Inc., v. ERNEST H. FLEISCHMANN CO.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—PLEADING—SIGNATURE AND VERIFICATION.

The refusal of permission to file an answer, because not signed by defendant's attorney prior to verification by its vice president, was error; the Municipal Court Act (Laws 1902, c. 580) not requiring such subscription, and Code Civ. Proc. § 520, requiring a pleading to be subscribed by an attorney having no application to the Municipal Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. Judgment (§ 106*)—"Default Judgment"—Refusal of Permission to File Answer.

Where defendant appears, and is only prevented from trying his case by reason of the refusal of the justice to permit the filing of his answer, a judgment against him is not a "default judgment." .

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 160, 162, 180–197; Dec. Dig. § 106.*

For other definitions, see Words and Phrases, vol. 4, pp. 3842–3844.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by S. Perceval, Incorporated, against the Ernest H. Fleischmann Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Theodore Long, of New York City, for appellant.
H. Aplington, of New York City, for respondent.

PER CURIAM. The defendant appeared upon the return day of the summons, and was given until the day following to file an answer. On that day the defendant appeared, and its attorney offered an answer, verified by the vice president of the defendant, which put in issue the allegations of the complaint, but which it was claimed by the plaintiff was not subscribed by the defendant's attorney prior to its being verified by the defendant's officer. Upon this ground the court refused to permit the defendant to file its answer and gave a judgment in favor of the plaintiff, from which judgment the defendant appeals.

[1, 2] The Municipal Court Act (Laws 1902, c. 580) does not require that a pleading shall be subscribed by an attorney for a party, and section 520 of the Code of Civil Procedure has no application to the Municipal Court. See section 3347, subd. 4, Code of Civil Procedure. It was therefore error to refuse to file the offered answer. The judgment entered against the defendant was not one taken by default. The defendant appeared, and was only prevented from trying its case by reason of the refusal of the justice to permit the filing of the answer.

Judgment reversed, and a new trial ordered, with costs to the appellant.